Edward W. Hess, Jr. (SBN: 81902)
Phillip B. Nghiem (SBN: 291525)
**HN INJURY LAWYERS**
550 Parkcenter Drive Suite 105
Santa Ana, California 92705
Tel: (657) 333-5726
Fax: (877) 488-3234

Attorneys for Plaintiffs D.G. and A.G., minors, by and through their Guardian ad litem Elvia Curiel

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.G., a minor, and A.G., a minor, by and through their Guardian ad litem Elvia Curiel<br><br>Plaintiffs,<br><br>vs.<br><br>Zumiez, Inc., and Does 1-5, inclusive.<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1332(a) since there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

2. This action arises out of Defendant Zumiez and its employees' negligence in maintaining the condition of Defendant's retail store located at 2800 Main Street, Suite 716, Santa Ana, CA 92705.

3. Because Defendant Zumiez conducts business within the State of California, personal jurisdiction is established.

COMPLAINT FOR DAMAGES

4. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in Orange County, California; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant Zumiez conducted business within this judicial district at all times relevant.

## PARTIES

5. Plaintiff, D.G. is a minor who resides in Orange County, California.

6. Plaintiff, A.G. is a minor who resides in Orange County, California.

7. On information and belief, Defendant Zumiez, Inc. ("Zumiez") is a Washington Corporation having its principal place of business at 4001 204th Street SW, Lynwood, WA 98036.

## FACTUAL ALLEGATIONS

8. On or about December 15, 2021, Plaintiffs, D.G. and A.G., were shopping at Defendant Zumiez's retail store (the "Zumiez Store"). While browsing merchandise at the Zumiez Store, a ladder that had been negligently placed by Defendant's employee, Vivian Nguyen, tipped over and landed on top of Plaintiffs (the "Incident"). According to a witness statement signed by Ms. Nguyen, she placed the "ladder incorrectly."

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## (NEGLIGENCE AGAINST ALL DEFENDANTS)

9. At the time of the Incident, Defendant Zumiez, its employees, and Does 1-5, carelessly and negligently owned, operated, controlled, and maintained the Zumiez Store so as to create, cause, or allow a dangerous condition on such property, to wit, an unsecured ladder.

10. Zumiez, its owners/managers, executive and managerial personnel were negligent, careless and reckless in the selection, hiring, training and

supervision of personnel, at the Zumiez Store.

11. The negligence of Defendant Zumiez, its employees, and Does 1-5, and each of them, caused such dangerous condition, which created a substantial and reasonably foreseeable risk of the type of injury hereinafter alleged, when the Zumiez Store premises were used with due care in a manner which it was reasonably foreseeable that it would be used.

12. At the time of the Incident, the Zumiez Store was being used by Plaintiff with due care and in a way it was reasonably foreseeable it would be used.

13. As a proximate result of the dangerous condition ofand of carelessness, recklessness and/or unlawfulness of Defendant Zumiez, its employees, and Does 1-5, and each of them, and the resulting Incident, Plaintiffs were injured in their health, strength and activity sustained injuries to their bodies and persons and personal injuries all of which have caused and continue to cause Plaintiffs great mental, physical pain and suffering, all to Plaintiffs' damage in an amount to be shown according to proof but in excess of the minimum jurisdictional amount for this court.

14. As a proximate result of the Incident and the careless, reckless and unlawful conduct of Zumiez, DOES 1-5, and each of them, Plaintiffs necessarily employed physicians for medical examination, treatment and care of these injuries incurred medical and incidental expenses and may have to incur additional like expenses in the future, all in amounts presently unknown to Plaintiffs. Plaintiffs therefore requests leave of Court to prove that amount at trial.

///

///

///

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against each Defendant for:

1. For special damages, including, but not limited to, medical expenses
2. For general damages in a sum in excess of $75,000.
3. For prejudgment interest to the extent authorized by law;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated:      February 25, 2022          Respectfully Submitted

**HESS & NGHIEM**

by _____
Edward W. Hess, Jr., Esq.
Attorneys for Plaintiffs